UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY G.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5696 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff contends that the ALJ harmfully erred by (**1**) failing to explain why plaintiff was restricted to "occasional stooping" instead of the "rare stooping" opined by examining physician Samuel Coor, D.O.; and (**2**) failing to provide clear and convincing reasons to reject testimony by plaintiff and his wife that plaintiff needed to lie down 20 to 30 minutes per day. Dkt. 14. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Utilizing the five-step disability evaluation process,[1] the ALJ found at **step one** that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 16, 2015; at **step two** that plaintiff's severe impairments were left elbow abnormality, degenerative

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

disc disease, spondylolisthesis, right knee abnormality, left foot abnormality, degenerative joint disease, sleep apnea, and gastro esophageal reflux disease ("GERD"); and at **step three** that these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 18–22. The ALJ found that plaintiff had the **residual functional capacity ("RFC")** to perform light work with durational, exertional, and postural restrictions, the most salient one on appeal being a limitation to work that does not require more than "occasional stooping." Tr. 22. The ALJ determined at **step four** that plaintiff could perform his past relevant work as a procurement clerk; and, alternatively, at **step five** that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including stock control clerk and production clerk. Tr. 29–31. The ALJ therefore determined, in the Commissioner's final decision, that plaintiff is not disabled. Tr. 31–32.

## DISCUSSION

The Court finds that the ALJ failed to support with substantial evidence a reason for replacing Dr. Coor's stated restriction of "rare stooping" with a restriction of "occasional stooping." This error was harmful because an incomplete hypothetical was presented to the vocational expert ("VE"), thereby undermining the ALJ's step four and step five analyses. The Court remands for further administrative proceedings on an open record so the ALJ may revisit the sequential evaluation process from the RFC assessment onward, supplement the record with new VE testimony, and, if warranted, supplement the record with additional evidence and medical testimony. The Court finds that the ALJ stated specific, clear, and convincing reasons

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

for rejecting the testimony by plaintiff and his wife about his need to lie down for 20 to 30 minutes per day.

### 1. Dr. Coor's Restriction to "Rare Stooping"

The ALJ gave "significant weight" to Dr. Coor's opinion and accurately summarized the postural limitations Dr. Coor had assessed: "(only occasional bending, rarely stooping and kneeling, no crawling and no climbing)." Tr. 27. Nonetheless, when assessing RFC the ALJ altered the postural restriction to "occasional stooping" without explanation. Tr. 22. Plaintiff argues that the ALJ's decision to increase plaintiff's postural capabilities from "rare stooping" to "occasional stooping" was unjustified and constituted harmful error. The Court agrees.

Dr. Coor carefully delineated the differing levels of postural restrictions:

> Occasional bending
> Rare stooping and kneeling
> No crawling
> No climbing

Tr. 364. The ALJ did not suggest that the postural or other physical limitations assessed by Dr. Coor were too restrictive and the RFC reflects Dr. Coor's opinion except with respect to the frequency of stooping. *Compare* Tr. 22 *with* Tr. 364. Although non-examining physicians Louis Martin, M.D., and Greg Saue, M.D., opined that plaintiff be restricted only to occasional stooping, Tr. 27–28; Tr. 84, 96, 109, the opinions of non-examining physicians cannot alone constitute substantial evidence to reject the opinion of an examining physician and nothing in the medical record suggests that plaintiff should be restricted to "occasional" rather than "rare" stooping. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Moreover, Dr. Coor's objective findings support his cautious prognosis regarding stooping: a range of 5 out of the normal 25 degrees on back extension; plaintiff's observed pain getting off the exam table; flattening of the upper lordosis of the back with mild reversal of lower lordosis; loss of paraspinal muscle bulk,

with muscle spasms, most likely due to degenerative disc disease and spondylolisthesis. Tr. 361–65.

The ALJ's error was harmful because a limitation to rare stooping could conceivably rule out light work, including plaintiff's past work and the light work the VE identified at step five. Social Security Ruling 83-14 notes that an important difference between sedentary and light work is that with light work the frequent lifting or carrying of objects "implies that the worker is able to do occasional bending of the stooping type; i.e., for no more than one-third of the workday to bend the body downward and forward by bending the spine at the waist." SSR 83-14, *available at* 1983 WL 31254, at *4. Moreover, sedentary work also requires some stooping and a preclusion on stooping would preclude sedentary work:

> An ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. *Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.*

SSR 96-9p, *available at* 1996 WL 374185, at *8 (second emphasis added).[3] Plaintiff was limited to less than occasional stooping by Dr. Coor and the ALJ provided no reasons to reject this crucial limitation. The ALJ harmfully erred by failing to consult with the VE to determine which of the jobs, light or sedentary, would be ruled out by a restriction to "rare stooping."

The Commissioner argues that the ALJ did not "reject" Dr. Coor's limitation to rare stooping at all because "rare" stooping is necessarily included in the definition of "occasional"

---

[3] Non-examining Dr. Martin, whose opinion the ALJ also gave significant weight, noted: "I agree with [Dr. Coor's] RFC for sedentary work with the limitations listed." Tr. 111.

stooping ("from very little up to one-third of the time") such that one could reasonably infer that the ALJ was simply translating Dr. Coor's language into a succinct RFC. Dkt. 15, at 7. That argument fails for substantive and semantic reasons. First, it is clear from a plain reading of Dr. Coor's opinion that in carefully delineating between plaintiff's ability to bend occasionally but to stoop and kneel only rarely Dr. Coor was setting an upper limit on plaintiff's postural capabilities. That is, plaintiff was capable of no more than bending occasionally and of no more than stooping or kneeling rarely. Any other reading of Dr. Coor's already clear and succinct postural limitations is unreasonable. Second, the RFC gains neither clarity nor brevity by replacing the specific, four-letter word "rare" with the broader, ten-letter term "occasional," particularly given that using the first word would mean foreclosing more work than using the latter term would.

The ALJ failed to support with substantial evidence his decision to limit plaintiff to "occasional bending" rather than "rare bending."

**2. Testimony About Plaintiff's Need to Lie Down 20 to 30 Minutes per Day**

Plaintiff argues that the ALJ improperly rejected his testimony and the lay testimony by his wife that he needed to lie down for 20 to 30 minutes per day. The Court disagrees.

In the absence of affirmative evidence of malingering, the ALJ must give specific, clear, and convincing reasons for rejecting a claimant's testimony by identifying which testimony the ALJ found not credible and explaining which evidence contradicted that testimony. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). Here the ALJ noted but rejected plaintiff's testimony that he needed to lie down for 20 to 30 minutes several times a day based on at least two specific, clear, and convincing reasons. Tr. 26–29. First, the limitations were inconsistent with the medical opinion evidence, particularly with Dr. Coor's detailed statement of plaintiff's

functional limitations. Tr. 27. Nowhere did Dr. Coor suggest that plaintiff needed to lie down for 20 to 30 minutes during a workday. Tr. 360–64. Rather, Dr. Coor noted that plaintiff would need to move around or sit. Tr. 364. Second, the ALJ found that plaintiff's level of activity demonstrated that he was more capable than he alleged. Tr. 26. The ALJ noted that plaintiff attends to his personal care; cares for his dog; performs household chores, such as washing dishes, sweeping, and doing laundry; prepares simple meals; drives; shops for groceries; provides regular advice/consulting to a property owner regarding installation of an electrical system on a remodeled home; spends time visiting with others, reading, watching television, and playing card games with his wife; attends church regularly; walks 40 minutes every day; and rides a bicycle. Tr. 25, 43, 50–55, 234–40, 254–57, 326–27. Although such activities do not necessarily preclude plaintiff's need to lie down 20 to 30 minutes per day, the ALJ could reasonably infer that those activities were inconsistent with a restriction beyond those specified by Dr. Coor and in set forth in the RFC. Even if the evidence is susceptible to more than one rational interpretation, the Court will uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court need not discuss the ALJ's other reasons to discount plaintiff's testimony. Even if the ALJ gave other invalid reasons to reject plaintiff's testimony about his need to lie down, the errors were harmless because the ALJ also gave valid reasons supported by substantial evidence. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

The ALJ rejected the lay testimony of plaintiff's wife regarding the need to lie down for the same two reasons plaintiff's testimony was rejected. Those specific, clear, and convincing reasons also qualify as germane reasons. *See Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).

The ALJ did not err as a matter of fact or law by rejecting the testimony of plaintiff and the lay testimony of plaintiff's wife regarding the need to lie down for 20 to 30 minutes per day.

### 3. Remand for Further Administrative Proceedings

The Court declines plaintiff's invitation to remand for an immediate award of benefits because it is not clear that if the RFC included the postural limitation of "rare stooping" the ALJ would be required to find plaintiff disabled. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The VE has not yet testified to what jobs plaintiff could perform if limited to rare stooping and the ALJ should be afforded the opportunity on an open record to revisit the sequential evaluation process from the RFC assessment onward, supplement the record with new VE testimony, and, if warranted, supplement the record with additional evidence and medical testimony.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand on an open record, the ALJ should revisit the sequential evaluation process from the RFC assessment forward, supplementing with additional vocational testimony and, if warranted, with additional evidence and medical testimony.

DATED this 5th day of April, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7